**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**RUTH FLOYD JOHNSON;**                                                          **PLAINTIFFS**
**CAMILLE MCKELPHIN**

**v.**                                                   **CIVIL ACTION NO. 2:25-cv-97-TBM-RPM**

**CHRISTOPHER LEE; CIRCUIT**
**BROADCASTING SYSTEMS, LLC**                                          **DEFENDANTS**

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court *sua sponte* on the Plaintiffs' failure to comply with Federal Rules of Civil Procedure 8(a)(2) and 10(b). Ruth Johnson and Camille McKelphin sued Christopher Lee and Circuit Broadcasting Systems, LLC for alleged fraudulent conduct in connection with the probate proceedings of Vernon Floyd. Their complaint does not link its twelve pages of unstructured facts, ten-plus causes of action, or requested equitable remedies and monetary damages to either defendant. The Defendants filed their answer and moved to dismiss. After the motion—construed as a motion for judgment on the pleadings—became ripe, the Mississippi Bar suspended the Plaintiffs' previous attorney, Abby Robinson, for two years. The Plaintiffs have since hired new counsel. Still, the damage is done. The complaint's shortcomings leave the Court unable to rule on the motion and risk further derailing this litigation. The motion is granted only to the extent that the complaint is dismissed as a shotgun pleading. It is denied without prejudice in all other respects. Plaintiffs are granted leave to amend the complaint within fourteen days of this order's entry. Likewise, Defendants may reassert any of these same arguments, should they apply, in response to the amended complaint.

# I. SHOTGUN PLEADING

A district court is "authorized to consider the sufficiency of the complaint on its own initiative." *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007) (quoting *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir.1991)). A "shotgun pleading," where "the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick," is insufficient. *Copeland v. Axion Mortg. Grp. LLC*, No. 1:16-cv-159-HSO, 2016 WL 4250431, at *4 (S.D. Miss. Aug. 11, 2016) (quoting *S. Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783, 788 (5th Cir. 1986), *abrogated on other grounds*). And when a shotgun pleading frustrates the court's ability to rule on a dispositive motion, as is the case here,[1] a district court may *sua sponte* dismiss a shotgun pleading under Federal Rule of Civil Procedure 12(b)(6) and order repleading under Federal Rule of Civil Procedure 12(e). *Michael v. Boutwell*, No. 3:14-cv-116-DMB, 2015 WL 728516, at *6 (N.D. Miss. Feb. 19, 2015) ("District courts have a supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates.") (citation omitted); *see, e.g.*, *Sudduth v. Lowndes County*, No. 1:18-cv-51-SA, 2019 WL 982861, at *3–5 (N.D. Miss. Feb.

---

[1] A few points on the Court's subject matter jurisdiction are necessary. Both parties agree there is diversity jurisdiction, [1], p. 2; [8], p. 3, and the probate exception, as the Court currently understands the case, does not appear to apply, *see Great Am. Life Ins. Co. v. Tanner*, No. 3:16-cv-70-DMB, 2020 WL 1541375, at *5 (N.D. Miss. Mar. 31, 2020), *aff'd*, 5 F.4th 601 (5th Cir. 2021); *Breaux v. Dilsaver*, 254 F.3d 533, 536–38 (5th Cir. 2001). Further, while the defendants' standing argument, if successful, would undermine the Court's jurisdiction, the complaint's failure to tie facts to claims, and claims to defendants, leaves the Court unable to perform the claim-by-claim analysis that standing requires. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 431, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021) ("[S]tanding is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek . . . ."). The Court therefore reserves ruling on the issue if and until it is raised again. *See Drummond v. Zimmerman*, 454 F. Supp. 3d 1210, 1222 (S.D. Fla. 2020) ("[B]ecause of the shotgun nature of the Complaint, the Court cannot readily decipher who is seeking what relief. . . . [T]he Court will address any standing and statute of limitations arguments that the Defendants may raise in response to an amended complaint."); *Sahlein v. Red Oak Cap., Inc.*, No. 3:13-cv-67-DMB, 2014 WL 3046477, at *3, 5–6 (N.D. Miss. July 3, 2014) (deeming standing argument moot because shotgun pleading was required to be re-pled).

2

28, 2019); *Moore v. Miss. Gaming Comm'n*, No. 1:15-cv-13-DMB, 2015 WL 13019615, at *6 (N.D. Miss. Nov. 2, 2015).

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Goode v. Early Encounters, Inc.*, No. 2:21-cv-152-RPM, 2022 WL 4488010, at *5 (S.D. Miss. Sept. 27, 2022) (quoting *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021)). Rule 8(a)(2) requires the complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) functions to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)); *accord Mayne v. Omega Protein Inc.*, 370 F. App'x 510, 514 (5th Cir. 2010). Rule 10(b) further directs a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

## II. APPLICATION

The Eleventh Circuit leads the charge against shotgun pleadings. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) (revisiting "a thirty-year salvo of criticism aimed at shotgun pleadings" with "no ceasefire in sight"). It has identified four "rough types or categories of shotgun pleadings." *Id.* at 1321.

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against

3

> multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321–23 (internal citations omitted). These "sins" share a "unifying characteristic." *Id.* at 1323. They all "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

This inadequate notice renders shotgun pleadings "so objectionable" because the negative effects persist throughout the litigation's lifecycle. *Copeland*, 2016 WL 4250431, at *4. Shotgun pleadings lead to "extended and aimless discovery," which drowns the trial court "in an uncharted sea of depositions, interrogatories, and affidavits." *Pardue v. Jackson County*, No. 1:14-cv-290-KS, 2016 WL 3024153, at *14 (S.D. Miss. May 25, 2016) (quoting *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998)). "Given the massive record and loose pleadings before it, the trial court . . . is unable to squeeze the case down to its essentials; the case therefore proceeds to trial without proper delineation of issues, as happens frequently." *Id.* (quoting *Johnson Enters. of Jacksonville, Inc.*, 162 F.3d at 1333). The court of appeals then "assumes the trial court's responsibility of sorting things out." *Id.* (quoting *Johnson Enters. of Jacksonville, Inc.*, 162 F.3d at 1333). "The result is a massive waste of judicial and private resources; moreover, the litigants suffer, and society loses confidence in the courts' ability to administer justice." *Id.* (quoting *Johnson Enters. of Jacksonville, Inc.*, 162 F.3d at 1333).

With this in mind, the Court turns its attention to the Plaintiffs' complaint. The complaint violates both Rules 8(a)(2) and 10(b). The complaint is fifteen pages long. Its paragraphs are not numbered. And, instead of short and plain statements, most paragraphs fill an entire page. The complaint is also rife with typos and unorganized thoughts. Its structure is solely supported by

4

seven headings. Two sections—the Statement of Facts and Cause of Action sections—do the heavy lifting and contain all four items common in shotgun pleadings.

The Statement of Facts section spans ten of the complaint's fifteen pages. Despite its length, this section does not designate groups of facts under a single count, subheading, or any other type of guidepost. It is also replete with conclusory allegations. *See e.g.*, [1], p. 5 ("There are three radio stations that plaintiffs believed were fraudulently taken in fraudulent conduct, by defendant, Christopher Lee."). And many of the specific allegations are immaterial. For example, allegations relating to Floyd's mental state, the lack of dates on the will, or familial relationships read as attempts to relitigate the will's validity. But the complaint, the Plaintiffs also argue, focuses only on "**POST-JUDGMENT CONDUCT**" and does not ask "the court to declare the chancery court matter as void." [15], p. 1 (emphasis in original). If so, it is hard to understand how any of these facts relate to the Plaintiffs' asserted causes of action. It is true that the Plaintiffs did attach exhibits in support of their other claims that Lee engaged in fraud during the accounting process, presumably the post-judgment conduct referred to. But the Plaintiffs do little to indicate which portions of the exhibits are relevant. The section's ending further muddies the water. Rather than tie the factual allegations together, it ends with three pages of legal analysis that is copied and pasted verbatim from two Mississippi court opinions.

The Defendants' answer demonstrates the trouble in defending against this scattershot approach. The Defendants "den[ied] the allegations contained in the 'Statement of Facts' beginning with the allegations at the bottom of page 2 and continuing through page 12, including all unnumbered paragraphs and footnotes, except that the Defendants d[id] not deny the law as quoted and cited therein but den[ied] that said law is applicable to the facts and circumstances in

5

this case." [8], p. 3. Moreover, as the Defendants note, McKelphin "fails to make any allegations regarding actions taken by Defendants, Christopher Lee or Circuit Broadcasting Systems, LLC." [11], p. 7. In fact, the complaint only mentions McKelphin twice, once in the caption and once in the final paragraph. Circuit Broadcasting Systems, LLC receives similar treatment. This is not the only time that Robinson has drafted a complaint in this wholly insufficient manner. *See Robinson v. State Bar of Mississippi*, No. 3:25-cv-976-KHJ, 2026 WL 353431, at *2 (S.D. Miss. Feb. 9, 2026) (requiring Robinson to replead where the first complaint did "not say what the [defendant] did or when it did it" or "articulate a legal theory connecting the [defendant] to any injury").

The Cause of Action section adds insult to injury. It begins by "repeat[ing] and realleg[ing] each and every paragraph of this Complaint as is set out herein full." [1], p. 13.[2] Next, as if torts were birdshot, the section states:

> All Defendants, are liable to Plaintiffs for Fraud, fraud upon a Vulnerable Adult, Misappropriation of an Estate Funds, Misuse of a Legal process, Misrepresentation, Bad Faith in Dealings, Intentional Infliction of Emotional Distress, the law of torts of negligence, negligence per se, Bad Faith in Dealings, Negligent, Negligent infliction, negligent and/or intentional infliction of emotional distress, pain and suffering, fraud, misrepresentation, conversion, [] and trespass of chattel.

> As a result of Defendants' intentional and/or negligent, conduct, Plaintiff has suffered some of the following injuries, intentional infliction of emotional distress, negligent emotional distress, physical injury, depression, humiliation, embarrassment, pain and suffering, loss of property, and severe mental anguish, as well as monetary injuries.

*Id.* "This is a textbook shotgun pleading." *See Robinson*, 2026 WL 353431, at *2 (noting the defendant was "left to guess which of the 20-plus causes of action appl[ied] to it, which facts support[ed] those claims, and what relief Plaintiffs [sought]."); *Jones v. Grapeland Indep. Sch. Dist.*,

---

[2] The "Damages" and "Prayer for Relief" sections also contain the same incorporation language.

No. 24-40194, 2024 WL 4490604, at *1 n.1 (5th Cir. Oct. 15, 2024) (A 'shotgun pleading' is a pleading with 'multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claims is brought against.'") (quoting *Weiland*, 792 F.3d at 1323).

Therefore, dismissal of the Plaintiffs' complaint is appropriate. The Plaintiffs' shotgun complaint fails to put the Defendants—and the Court—on notice of the claims and grounds on which each claim rests. As a result, the Court is unable to rule on the Defendants' motion for judgment on the pleadings. Greater specificity in pleading is especially important here because some of the Plaintiffs' claims sound in fraud, *see* FED. R. CIV. P. 9(b), and may be time-barred, *see Copeland*, 2016 WL 4250431, at *5. By the same token, dismissal of the Plaintiffs' entire case is too harsh a remedy because a "dismissal without prejudice is effectively a dismissal with prejudice" *if* "the statute of limitations would bar the refiling of the action." *Hubbard v. Crow*, No. CV SA-23-CA-580-FB, 2024 WL 5036668, at *5 (W.D. Tex. Sept. 18, 2024). The Plaintiffs are therefore granted leave to file an amended complaint "within 14 days" of this order's entry. FED. R. CIV. P. 12(e). In doing so, the Plaintiffs should heed Rules 8(a)(2)'s and 10(b)'s requirements and "avoid lumping the defendants together and should instead separately allege the scope of any duties owed and conduct alleged to have breached those duties as to each defendant." *Copeland*, 2016 WL 4250431, at *5. "Failure to comply with the Court's direction may result in a dismissal of this case." *Id.*

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants Christopher Lee and Circuit Broadcasting Systems, LLC's [11] Motion for Judgment on the Pleadings is

GRANTED IN PART and DENIED IN PART. It is GRANTED to the extent that the Court finds Plaintiffs Ruth Johnson and Camille McKelphin's [1] Complaint constitutes a shotgun pleading that does not comport with Rules 8 or 12. Plaintiffs have until August 18, 2026, to file an amended complaint alleging the purportedly wrongful conduct attributed to each Defendant and the individual claims asserted against each. If Plaintiffs fail to file such an amended complaint by August 18, 2026, this case may be dismissed without further notice. It is DENIED WITHOUT PREJUDICE in all other respects.

This, the 4th day of August, 2026.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE